Nash, J.
 

 There can be no doubt, that a public agent, acting in behalf of the public, may render himself personally liable. The inquiry here is, whether the defendant has so done.
 

 The Act of Congress, passed in 1791, ch. 128, pointing out the duties of collectors of the customs, is of no further use in this investigation, than as it may serve to explain the anxiety, expressed by the defendant, that he might
 
 *326
 
 be enabled, through th.e aid of the intestate, to comply with the request from the Treasury Department. It appears that Mr. T. H. Blount had preceded the defendant in the office of collector of the port of Washington, and in the list, furnished him by the intestate, were several .omissions of bonds and judgments. This list was -embodied in his report, we presume, to the office. With a view to supply this deficiency and to ascertain if there were any further omissions, the requisition was made upon the defendant by the Department. The plaintiff’s intestate, Mr. Brown, is distinctly apprised of these facts, and is informed, that nothing is needed but a
 
 list
 
 of the bonds and judgments, &c,, not for the purpose of enabling the defendant to comply with his duty to the public, for the Act of. 1791 required him only to make a due return of the bonds
 
 in his office,
 
 and the case shows, that the bonds in suit in the District Court never had been in his office since his appointment, but had been put in suit b 'his predecessor. The information sought to be obtained by the defendant was of no personal, interest to him, any further, than, as a faithful public servant, he was bound to aid the Department in ascertaining what was due from its debtors. In all his letters, he informs Mr. Brown for whom the information is needed and why. The bonds are described as belonging to the office at Washington, and the letters are signed by the defendant as collector. There is not in any part of the written evidence the slightest proof that the defendant intended to make himself personally responsible, and that responsibility must be explicitly undertaken.
 
 Hite
 
 v.
 
 Goodman,
 
 1 Dev. & Bat. Eq. 365.
 
 Gidly
 
 v.
 
 Palmerston, 2
 
 Bro. & Bing 275. The plaintiff contends, that the records were made out by him, not for the Government, but for the defendant, to enable him to execute his official duty, and relies upon the language, used bjr the defendant, expressive of his fears, that he would suffer in consequence of the plaintiff’s
 
 *327
 
 neglect in complying with his request. We do hot so read the letters. The defendant, in each of his communi* cations, appears to guard against any idea, that the work was for his benefit. On the contrary, in each application, he states, it is made to enable him to comply with a
 
 request
 
 from the Department, ahd that the application is rendered necessary by the plaintiff’s intestate’s ovin neglect, as he had been informed, in not making out a perfect list for Mr. Blount. As to his fears of being injured by Mr. Brown’s delay, it might arise to him in several ways without embracing the idea, that the list Was necessary to him. We are of opinion, that the work was done at the instance, and for the use, of the General Government, and to it the plaintiff must look for remuneration, the defendant not having made himself responsible* either by contract or fraud.
 

 The plaintiff further contends, that his Honor erred in not leaving the construction of the letters to the jury, as a matter of fact to be found by them. The letters were produced in evidence by the plaintiff to show the defendant’s liability, as containing the contract, under which the services were rendered. The contract then was in writing, and the intention of the parties is to be ascertained from it. This is admitted by the defendant’s argument; he does not pretend, that, if left to the jury, they could have looked out of the letters. If so, then it Was a pui’e matter of construction to be placed upon a written instrument, containing in itself every" thing necessary to its being properly understood. We think his Honor committed no error in the instruction he gave the jury — it was a question of law, and not of fact. The case now before us is not as strong as that of
 
 Dameron
 
 v.
 
 Irwin
 
 &
 
 others,
 
 8 Ire. 421, and the whole defence here is covered by it.
 

 Per Curiam. Judgment"affirmed.